Electronically Filed
2/21/2025 12:43 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Alexander McTarian, ESQ.
Nevada Bar No. 14404
Jamie Corcoran, ESQ
Nevada Bar No. 11790
**Nevada Legal Group**
Jamie@legalgroup.email
3225 S. Rainbow, Suite 204
Las Vegas, Nevada 89146
P. 702.538.7824
F.  702.825.5658
Attorneys for Plaintiff

CASE NO: A-25-913213-C
Department 8

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Nina Fuentes, individually;<br><br>Plaintiff,<br><br>vs.<br><br>DAVE AND BUSTER'S, INC.; and DOES 1 through 50; and ROE CORPORATIONS 51 through 100<br><br>Defendants. | **CASE NO.:**<br>**DEPT. NO.:** |

COMES NOW, Plaintiff, by and through her counsel of record, Alexander McTarian, Esq. and Jamie Corcoran, Esq. of Nevada Legal Group and submits this complaint against Defendants for the foregoing causes of action, and alleges as follows:

**GENERAL ALLEGATIONS**

1. At all times material herein, Plaintiff, Nina Fuentes (hereinafter "Plaintiff") is an adult female and was and is a resident of the State of Nevada and present in Clark County, Nevada at all times material herein.

-1-

2. Upon information and belief, at all times material herein, Defendant, DAVE AND BUSTER'S, INC (hereinafter "D&B") is a business, partnership, and/or corporation, doing business in Clark County, Nevada.

3. Upon information and belief, Defendant, D&B, owned and/or operated and/or leased and/or managed certain property and business located at or around 2130 Park Centre Dr. in Clark County, Nevada, and commonly referred to as Dave and Busters and/or D&B.

4. Upon information and belief, Defendants, both known and unknown, and including D&B, owned and/or operated and/or managed, and was responsible for oversight, managment, control, cleaning, and repairs at said property and the business including but not limited to the entrances and doors and walkways and hallways and common areas.

5. Upon information and belief, at all times material herein, Doe and Roe Defendants 1 through 100 were legal entities/residents of Clark County, Nevada, and/or authorized to do business by the State of Nevada. Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants in its control and functioned and assisted in the operation, control maintenance and/or management of the premise, in which plaintiff was injured, causing damages.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 50 and ROE CORPORATIONS 51 through 100, inclusive, are unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names; on information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE or ROE CORPORATIONS were responsible in some manner for the injuries sustained by the Plaintiff resulting from the below stated incident; and is liable for all damages due to Plaintiff as alleged herein. Plaintiff will ask leave of court to amend this Complaint to insert the true

1 names and capacities when the same is ascertained and to join such Defendants in this
2 action.
3     7.    Doe 1 is the unknown legal owner of the premise on which the incident
4 that is the subject of this complaint occurred.
5     8.    Doe 2 is the unknown owner of the business that operates the business
6 located on the owner's premise.
7     9.    Doe 3 is the unknown maintenance and/or cleaning and/or janitorial
8 company, responsible for the cleaning and upkeep of the property.
9     10.    The DOE 4 is the true legal owner and/or corporate owner of the
10     property.
11     11.    The DOE 5 is the unknown repairer and/or contractor responsible for
12 upkeep and repairs at the incident location.
13     12.    The DOE 6 is the unknown person, entity, or business that caused or led
14 to cause the subject hazard.
15     13.    The DOE 7 is the unknown true legal name of the Dave and Buster's, Inc.
16     14.    The DOE 8 is the unknown shower and bathroom repair company and
17 service company.
18     15.    The DOE 9 is the unknown custodial and/or housekeeping company,
19 contractor, or individual(s) resposnibel for inspection and cleaning of said rooms
20
21
22 **FACTUAL BACKGROUND**
23
24     16.    Plaintiff re-alleges each of the foregoing allegations contained in
25 paragraphs 1 through 15 as if fully set forth herein.
26     17.    On or about March 26, 2023  Plaintiff was lawfully on the premises at
27 Defendant's property.
28

18. On said date, Plaintiff was a lawful and proper guest at Defendant's property and restaurant.

19. Plaintiff while a customer slipped and fell due to a dangerous condition on Defendant's grounds, and restrooms including liquid on the ground

20. Plainitff, while entering the bathroom slipped and fell on liquid on the floor.

21. Defendant, and each of them, known and unknown, including but not limited to DOE defendants, owed a duty to warn Plaintiff of perils that would foreseeably harm her, including placing warnings of a dangerous condition on the floor and grounds, and conducting reasonable and timely maintenance, inspections, and cleaning of said property.

22. Defendant through its agents or employees or contractors caused the dangerous condition on the premise to develop.

23. Defendant, and each of them, known and unknown, knew the dangerous condition exhisted, failed to remedy the dangerous condition, failed to montitor, failed to inspect, and failed to clean the area which caused Plaintiff to fall, even though they had actual or constructive notice of the dangerous condition.

24. As a result, Plaintiff suffered severe bodily injuries and damages in excess of $15,000 subject to proof at trial.

**NEGLIGENCE (PREMISES LIABILITY)**

25. Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Upon information and belief, Defendants, and each of them, known and unknown, and their employees knew or should have known about the dangerous condition, which caused the injuries to Plaintiff, yet continued to let this condition

-4-

exist, causing an unreasonable threat to the safety of those on their property, including Plaintiff.

27.   Further, upon information and belief, Defendants, and each of them known and unknown, allowed the dangerous condition to exist for an extended period of time by negligently allowing the floors to be improperly maintained, cleaned, repaired, inspected, and otherwise safe.

28.   Upon information and belief Defendant failed to clean the room, failed to ensure the room was suitable for guests, and failed to adaquotely employ employees and/or contractors to clean, inspect, and/or ensure the room is suitable.

29.   The defendant failed to inspect the room prior to tenancy, failed to correct defects, and failed to warn the plaintiff.

30.   Defendants, and each of them known and unknown, had a duty to supervise and maintain said premises in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous conditions on or around said premises.

31.   Defendants, and each of them, known and unknown, breached its duty to Plaintiff in one or more of the following respects, but not limited to:

    a.   Failure to exercise reasonable care in performing routine cleaning/ maintenance and oversight and repair of the premises.

    b.   Failure to warn guests and tenants of dangerous conditions on the premises.

    c.   Failure to inspect for dangerous conditions on the premises.

    d.   Failure to cure dangerous conditions on the premises.

    e.   Failure to follow safety protocol.

    f.   Failing to provide adequate safeguards in place to prevent accidents from occurring.

    g.   Failing to inspect the area for hazards and spills.

       h.    Failing to clean.

       i.    Failing to reasonably inspect.

32.    Defendants, and each of them, known and unknown, breached these duties, directly and proximately causing Plaintiff's injuries.

33.    Defendants, and each of them, known and unknown, despite having actual notice or constructive notice, upon a reasonable inspection of its premises, that a dangerous condition existed.  Defendants, failed to cure the same, enact proper safeguards, clean, inspect, or warn of same to prevent serious bodily injury to Plaintiff, all in breach of its duty of due care herein.

34.    In addition to their direct liability, Defendants, and each of them, known and unknown, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or by such other persons or entities, consultants, independent contractors, whether in house or outside, entities, individuals, agencies or pools which in any manner caused or contributed to Plaintiff's irreparable harm and damage.

35.    At all times relevant herein, Defendant, through its  agents, servants and/or employees thereof,  were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors.  Therefore, employer(s) are responsible and liable for all of its employee's negligent conduct set forth herein under the theory of respondeat superior.

36.    Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff reserving his right individually or through her representatives, to amend her Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them as follows:

1) For General and Special Damages in a sum in excess of $15,000.00;
2) For Attorneys' fees and costs of suit incurred herein;
3) For interest at the statutory rate; and
4) For such other and further relief as the Court may deem just and equitable in the matter.

DATED this  21st  day of February, 2025

Respectfully submitted,

**NEVADA LEGAL GROUP**

/s/ Jamie Corcoran

Alexander McTarian, ESQ.
Nevada Bar No. 14404
Jamie Corcoran, ESQ.
Nevada Bar No. 11790
**Nevada Legal Group**
Jamie@legalgroup.email
3225 S. Rainbow, Suite 204
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*